IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**LUEVENIA BYRD; and FRED BYRD**                                           **PLAINTIFFS**

V.                                                              NO. 3:14-CV-00243-DMB-SAA

**FOOD GIANT SUPERMARKETS, INC.,**
**D/B/A PIGGLY WIGGLY**                                                       **DEFENDANT**

## ORDER GRANTING MOTION TO REMAND

This is a personal injury action originally brought in the Circuit Court of Tunica County, Mississippi, by Plaintiffs Luevenia Byrd and Fred Byrd against Defendant Food Giant Supermarkets, Inc., d/b/a Piggly Wiggly ("Piggly Wiggly"). Doc. #2. Plaintiffs allege that, while on property owned and operated by Piggly Wiggly, Luevenia was injured due to the company's negligence. *Id*. ¶¶ 5–24. Plaintiffs further allege that as a direct and proximate result of Piggly Wiggly's negligence, Fred has suffered loss of love, society, consortium, and companionship with Luevenia. *Id*. ¶ 25.

Piggly Wiggly removed the action to this Court on November 14, 2014, on the basis of diversity jurisdiction. Doc. #1. In its notice of removal, Piggly Wiggly argued that "it is facially apparent from the Complaint that the amount in controversy exceeds $75,000.00. … Plaintiff seeks and [sic] unspecified amount of compensatory, incidental and consequential damages, as well as damages for medical expenses, past, present and future physical pain, suffering and mental anguish." *Id*. at ¶ 3.

On November 25, 2014, Plaintiffs submitted a stipulation of damages, in which Plaintiffs stipulate that they will not seek damages against Piggly Wiggly in excess of $75,000 and will not execute on any judgment in excess of $75,000. Doc. #4. On December 10, 2014, Plaintiffs filed

a motion to remand this matter to the Circuit Court of Tunica County. Doc. #5. On January 19, 2015, Piggly Wiggly filed a response stating that it does not oppose remand. Doc. #7.

As grounds for remand, Plaintiffs argue that the stipulation of damages establishes that the amount in controversy falls below the jurisdictional requirement. Doc. #5. It is axiomatic that diversity jurisdiction exists only "where the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). Generally, "post-removal affidavits may be considered in determining the amount in controversy at the time of removal … if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

Here, as stated in the complaint, Plaintiffs' claims against Piggly Wiggly seek damages "in a sum which fairly compensates them for their injuries, for interest thereon at the legal rate, prejudgment interest as allowed by law, costs of Court and for such other and further relief as the Court may deem proper." Doc. #2 at 4–5. The complaint does not specify the sum sought by Plaintiffs, although it alleges that Luevenia has incurred "medical expenses in excess of $16,000.00." *Id.* ¶ 16. This demand is sufficiently ambiguous to allow for consideration of the post-removal stipulation that Plaintiffs will not seek nor execute on any judgment in excess of $75,000.

Based on the above, the Court concludes that the claims against Piggly Wiggly do not exceed the $75,000 amount in controversy threshold. Accordingly, at the time of removal, the Court lacked subject matter jurisdiction over Plaintiffs' complaint and remand must be ordered. *See Culpepper v. Wal-Mart Stores East, Inc.*, No. 4:08-cv-16, 2009 WL 387322, at *4-5 (N.D. Miss. Feb. 13, 2009) (remanding case where post-removal stipulation established amount in

controversy below jurisdictional requirement). Plaintiffs' unopposed motion to remand [5] therefore is **GRANTED**.

SO ORDERED, this 31st day of March, 2015.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**